Dear Mayor Mayo:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion as to whether the City of Monroe ("City") may use sales tax increment financing to fund certain economic development projects.
According to your request, the economic development projects under consideration will consist of the construction of public improvements, including but not limited to buildings, structures, and other improvements, together with supporting works, utilities, and fixtures as permitted under La.Rev.Stat. 33:9035. The economic development projects ("Projects") will be situated on public lands owned by the City. All improvements will be constructed directly by the City or on behalf of the City pursuant to a Cooperative Endeavor Agreement. Such improvements will, at all times, remain public improvements owned by the City.
You indicate that any building facilities making up the Projects will be leased to one or more prospective tenants, who if successfully located, will create hundreds of new jobs both directly and indirectly for the City. You indicate that the prospective tenants are expected to spend substantial dollars annually at the local level towards the purchase of supplies, materials, and other items. Further, it is anticipated that the prospective tenants will attract a constant influx of out-of-state auditors, specialized work crews, customer representatives, and other professionals, all of which would be anticipated to utilize neighboring hotels, restaurants, and other businesses.
You believe these Projects qualify as an economic development project under Louisiana's Cooperative Economic Development Law. La.Rev.Stat.33:9020, et.seq. However, because the Projects presumably will be constructed in close proximity to, but outside the geographical boundaries of the economic development area authorized by the Cooperative Economic Development Law, you thought it was prudent to obtain an Attorney General's Opinion on this matter. Specifically, you ask whether the *Page 2 
construction costs associated with the Projects described above may be considered as part of an economic development project in accord with the provisions of Louisiana's Cooperative Economic Development Law.
As part of its stated purpose, Louisiana's Cooperative Economic Development Law provides that "the maintenance of the economy of the several local governmental subdivisions of the state at a high level is a matter of public policy and the cooperative economic development activities and powers prescribed and conferred by this Chapter are for a public purpose for which public money may be expended." The Cooperative Economic Development Law further provides for the creation of nonprofit economic development corporations and outlines an application process for organizing such economic development corporations and further outlines the authority and powers of the corporations.
Specifically, La.Rev.Stat. 33:9023 provides in part the following:
 * * * B. Any group of three or more persons may apply to the legislature of the governing authority of a local governmental subdivision of the state in writing for permission to organize and be designated an economic development corporation. Each application shall include proposed articles of incorporation, bylaws, description of proposed corporate structure and a full and complete listing of the assets of the proposed corporation. Each application shall also include a proposed economic development plan. Said plan shall provide an overall policy and plan of action, stating goals and objectives for alleviating the conditions of economic distress affecting the jurisdictions in which said corporation is to act. It shall set out the geographic location in the affected jurisdiction where local economic development activities should be directed to achieve maximum effort which area upon the approval of the governing authority shall be designated an economic development area, and shall specify, so far as practical the types of activities that may best achieve the purpose of increasing the aggregate income of the community, enabling income to be distributed to low and moderate income persons, and creating greater job diversity by attracting and retaining job producing establishments.
 * * * Thus, in addition to authorizing the establishment of an economic development corporation, the Cooperative Economic Development Law further provides for the designation of a geographical economic development area where local economic development activities should be directed. According to your request, the City established such an economic development corporation and designated its geographical economic development area as the Garret Road Economic Development Area. *Page 3 
The Cooperative Economic Development Law further provides for the issuance of tax increment bonds to finance economic development projects or to pay all or a portion of the costs of an economic development project as specified in La.Rev.Stat. 33:9035. See La.Rev.Stat. 33:9033.
Your request indicates that the City has previously issued tax increment revenue bonds in accordance with La.Rev.Stat. 33:9033. In the past, the City has utilized the proceeds of such bonds for road, retail development and other economic development projects within the Garret Road Economic Development Area ("Area"), as well as certain projects in proximity or about the Area to provide for drainage. You now seek to use the proceeds of the tax increment bonds to finance the Projects described above.
La.Rev.Stat. 33:9035 sets out the items which may be included in an economic development project and provides in part the following:
 9035. Items which are included in the costs of an economic development project
 The costs of an economic development project incurred by the local governmental subdivisions in accordance with R.S. 38:2181 et seq. pertaining to the letting of public contracts may include the sum total of all reasonable or necessary costs incurred incidental to or in furtherance of an economic development project, including but not limited to the following, providing that any such costs are reasonably related or attributable to an approved economic development plan:
 * * * (5) Costs of construction within or about an economic development area of public improvements, including but not limited to buildings, structures, works, utilities, or fixtures, provided only to the extent such costs are incurred by the local governmental subdivision directly, or on behalf of the local governmental subdivision providing for a cooperative endeavor as defined in this Chapter.
 (emphasis added)
 * * * Thus, it appears that the plain language of La.Rev.Stat. 33:9035 specifically allows the costs of construction "within or about" an economic development area to be included in *Page 4 
the total costs of an economic development project. You have indicated that the proposed Projects will be constructed in close proximity to (approximately 500 feet of) the northern boundary of the Area and will directly benefit the citizens and businesses located within the Area through increased employment, increased spending and increase utilization.
Based on these assurances and provided the requirements and provisions of Louisiana's Cooperative Economic Development Law are followed, we are of the opinion that the costs related to construction within or about, but technically outside, the designated geographical area may be included in determining the costs of an economic development project under Louisiana's Cooperative Economic Development Law.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 JDC/MJV/crt